**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| HFA, INC., <br>             Plaintiff, <br><br> v. <br><br> TRINIDAD/BENHAM CORP., <br>             Defendant. | No. 6:17-cv-343 <br><br> Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, HFA, Inc. ("HFA"), complains as follows against Defendant Trinidad/Benham Corp., ("Trinidad"):

**Nature of the Action**

1. This is a patent infringement action arising under the United States patent laws, 35 U.S.C. §§ 1 *et seq.*, in which HFA asserts that its U.S. Design Patent D713,196 has been and continues to be infringed by virtue of Defendant Trinidad's manufacture, use, offer for sale, sale, or import in/into the United States of products such as its aluminum foil pans labeled as One Third Size Steam Table Pans, sold in a package of 30, and the Full Size Steam Table Pans, sold in a package of 18, (hereinafter referred to collectively as the Trinidad Pans and separately as the Trinidad 1/3 Pan and the Trinidad Full Pan ("the accused Pans"), the accused pans being currently sold in Sam's Club under the Member's Mark brand. HFA is seeking an injunction prohibiting further sales of all infringing products such as the accused Pans and asks for monetary damages and related remedies.

## The Parties

2.      Plaintiff HFA, Inc. is an Illinois corporation, with its principal place of business at 135 E. Hintz Rd., Wheeling, Illinois 60090 and is engaged in part in the business of manufacturing, distributing, and selling of disposable aluminum foil pans and containers and other aluminum products for home and food service.

3.      Defendant Trinidad is a corporation organized under the laws of the State of Colorado with a principal place of business at 3650 S. Yosemite 300, Denver, Colorado and a corporate office at 322 Freeman St., Mineola, Wood County, Texas, 75773, and is engaged in, among other things, the business of manufacturing, distributing, offering for sale, selling and/or importing in/into the United States aluminum foil pans and the accused Pans.

4.      Defendant Trinidad is registered as a foreign for-profit corporation in the State of Texas, State ID. 10102206.

## Jurisdiction and Venue

5.      Exclusive original jurisdiction over the subject matter of this action is conferred on this Court under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq.*

6.      Venue properly lies in the Eastern District of Texas, Tyler Division, under 28 U.S.C. § 1400(b), in that that Defendant Trinidad has committed one or more infringing acts in this District and the Defendant "resides" in this District in that it has a regular and established place of business in this District. Venue is also appropriate because Defendant Trinidad does business in this District, including the commission therein of one or more infringing acts of offering for sale, selling, using infringing products, or providing service and support to Defendant's customers in this District, which Defendant does through established distribution

channels including a regular and established place of business at 322 Freeman St., Mineola, Wood County, Texas, 75773. Further Defendant Trinidad employs full time employees at its regular and established place of business in Mineola, Texas, and advertises seeking employees for full time work at the aforesaid Mineola facility. See:

http://www.trinidadbenham.com/why-trinidad-benham/trinidad-facilities.html and

http://www.trinidadbenham.com/company/careers.html.

7. Defendant Trinidad has established contacts with this forum and purposefully availed itself of this jurisdiction by committing and continuing to commit acts of patent infringement, or actively induces others to commit acts of patent infringement, in the Eastern District of Texas.

**The Defendant's Infringement of U.S. Design Patent D713,196**

8. On September 16, 2014, United States Design Patent No. Des. 713,196 (the '196 Patent), entitled "NESTED PANS" was legally issued by the United States Patent and Trademark Office. A copy of the '196 Patent is attached hereto as Exhibit A.

9. Plaintiff HFA is the assignee and owner of the entire right, title, and interest in the '196 Patent with full rights to sue for the past and current infringement, and to enjoin further infringement, of the '196 Patent.

10. Defendant Trinidad manufactures, uses, offers for sale, sells, and/or imports, and/or has manufactured, used, offered for sale, sold, and/or imported in/into the United States unauthorized products such as the accused Pans that are covered by the design claim of and hence infringe HFA's '196 Patent. The accused Pans are depicted in Group Exhibit B attached hereto.

11. Upon information and belief, Defendant Trinidad's foregoing use of unauthorized products such as the accused Pans includes one or more acts of the nested assembly of Trinidad 1/3 Pans into the Trinidad Full Pan during, at least, the product design, testing, and/or demonstrations of the accused Pans in the same manner in which Defendant induces the end user to do the nested assembly of Trinidad 1/3 Pans into the Trinidad Full Pan, and hence, by such assembly, has directly infringed HFA's '196 Patent.

12. Defendant Trinidad has infringed and is continuing to infringe the '196 Patent by manufacturing, using, offering for sale, selling and/or importing in/into the United States infringing products such as the accused Pans and by actively inducing others to use the nested assembly of Trinidad 1/3 Pans into the Trinidad Full Pan in a manner to infringe the '196 Patent. Defendant Trinidad will continue to infringe the '196 patent unless and until enjoined by this Court. Defendant actively instructs end users to use the nested assembly of Trinidad 1/3 Pans into the Trinidad Full Pans as set forth, in part, at Group Exhibit C attached hereto.

13. Defendant Trinidad's actions constitute infringement of the '196 Patent under at least 35 U.S.C. §§ 271(a) and (b). Such acts of infringement have been and are continuing to be committed in this District, in Texas and elsewhere in the United States. HFA is entitled to compensatory damages from Defendant Trinidad under 35 U.S.C. § 284 in addition to other relief requested below.

14. Defendant Trinidad has had knowledge of the '196 Patent at least as early as the date of service of this Complaint, and, upon information and belief, before the service of this Complaint, and has therefore infringed the '196 Patent willfully and deliberately, thereby rendering this case exceptional under 35 U.S.C. § 285.

15. By reason of the foregoing unlawful acts of Defendant Trinidad relative the '196 Patent, HFA has been seriously and irreparably damaged and, unless Defendant is restrained from continuing such unlawful acts, HFA will continue to be so damaged. Plaintiff HFA is without adequate remedy at law to compensate it for the injury caused by Defendant' acts of infringement.

## Demand for Jury Trial

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## Relief Sought

WHEREFORE, Plaintiff HFA, INC. prays for judgment against Defendant Trinidad as follows:

A. Adjudging United States Design Patent D713,196 valid, enforceable, and infringed by Defendant Trinidad;

B. Entering preliminary and permanent injunctions against Defendant Trinidad, its officers, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliates, and all others controlling, controlled by, affiliated with, in privity with, or in active concert or participation with it from infringing, contributing to the infringement of, or inducing infringement of the '196 Patent, as well as all further and proper relief under 35 U.S.C. § 285;

C. Ordering the impounding and destruction of all products of Defendant Trinidad that infringe the '196 Patent, including all molds used in connection with manufacturing of such infringing product;

D. Awarding to HFA (and assessing against Defendant Trinidad) all damages sustained by HFA by reason of Defendant's infringement, in an amount to be determined,

including, either (1) total profits from the infringer's sales under § 289, or (2) damages in the form of the patentee's lost profits or a reasonable royalty under § 284, or (3) statutory damages under § 289, whichever is greater, together with pre-judgment and post-judgment interest, such damages to be trebled pursuant to 35 U.S.C. § 285 for willful infringement;

E. Awarding to HFA (and assessing against Defendant Trinidad) its costs, disbursements, and attorneys' fees for this action and such other compensatory damages as this Court may determine to be fair and appropriate pursuant to 35 U.S.C. § 285; and

F. Granting such other and further relief as this Court deems just and appropriate.

Dated: June 12, 2017

/s/ E. Glenn Thames, Jr.
Michael E. Jones
SBN: 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
SBN: 00785097
glennthames@potterminton.com
POTTER MINTON
A PROFESSIONAL CORPORATION
110 North College Ave., Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846

James P. Hanrath
SBN: 24075925
Michael J. Femal, *pro hac vice to be filed*
**MUCH SHELIST P.C.**
191 North Wacker Drive, Suite 1196
Chicago, Illinois 60606
Tel: (312) 521-2000
Fax: (3120521-2860
jhanrath@muchshelist.com
mfemal@muchshelist.com

*Attorneys for Plaintiff HFA, Inc.*