IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| HFA, INC., | § § § § § § § § § § § | |
| Plaintiff, | | CIVIL ACTION NO. 6:17-CV-00343-RWS |
| v. | | |
| TRINIDAD/BENHAM CORP., | | |
| Defendant. | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Trinidad/Benham Corporation's ("Trinidad") Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a). (Doc. No. 14.) Plaintff HFA, Inc. ("HFA") has filed a response (Doc. No. 32) to which Trinidad filed a reply (Doc. No. 33). After considering the parties' arguments, the Court **DENIES** Trinidad's Motion to Transfer Venue (Doc. No. 14).

**BACKGROUND**

HFA is an Illinois corporation, with its principal place of business at 135 E. Hintz Rd., Wheeling, Illinois 60090. (Doc. No. 1, at ¶ 2.) HFA is engaged in part in the business of manufacturing, distributing, and selling of disposable aluminum foil pans and containers and other aluminum products for home and food service. *Id.*

Trinidad is a Colorado Corporation with a principal place of business in Denver, Colorado. (Doc. No. 14-2, Declaration of Jason Knudson, at ¶ 2) ("Knudson Decl.").) Trinidad has over 780 employees, approximately 10 percent of which are located in this District. *Id.* Trinidad further has physical places of business across the country, including one location in Mineola, Texas. *Id.* Trinidad identifies one employee who designed the accused products located

1

in the Denver area, as well as the sales manager on the Sam's Account, Tracy Page, who lives in Dallas, Texas[1] and works from a home office there. *Id.* at ¶¶ 10, 12. Some of Trinidad's hard copy documents related to the accused products, such as design schematics, research notes, vendor communications, and product specification are located in Denver, Colorado, with remaining documents related to manufacture, including equipment manuals, production run reports, and testing reports, located in LaGrange, Georgia. *Id.* at ¶ 11. Documents related to marketing and sales of the accused products are located in Denver, Colorado. *Id.* at ¶ 13. Trinidad is in the business of processing, packaging, and distributing bean, rice, and popcorn products in the United States. *Id.* at ¶ 3.

## LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The goals of § 1404(a) are to prevent waste of time, energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Ultimately it is within a district court's sound discretion to transfer venue pursuant to 28 U.S.C. § 1404(a), but the court must exercise its discretion in light of the particular circumstances of the case. *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). The party seeking transfer must show good cause for the transfer. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). To show good cause, the moving party must demonstrate the transferee venue is clearly more convenient. *Id.*

---

[1] In its reply brief, Trinidad corrected the location of Mr. Page to Crossroads, Texas, which is located in this District. (Doc. No. 33, at 4, n. 2[sic].)

When deciding whether to transfer venue, a district court balances the private interests of the parties and the public interests in the fair and efficient administration of justice. The private interest factors the court considers are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict laws or in the application of foreign law. *Id.*

## DISCUSSION

The threshold issue in a § 1404(a) analysis is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *Volkswagen I,* 371 F.3d at 203. In a patent infringement action, venue is proper in "the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). In this case, HFA does not contest that Trinidad conducts business within the District of Colorado and transfer is permissible under § 1404.

### I. The Private Interest Factors

*(a) The Relative Ease of Access to Sources of Proof*

For this factor to weigh in favor of transfer, the movant must demonstrate that transfer will result in more convenient access to sources of proof. The Federal Circuit requires the Court

3

to assume that the bulk of all relevant evidence will come from the accused infringer. *In re Genentech,* 566 F.3d 1338, 1345 (Fed. Cir. 2009). As a result, "the place where the defendant's documents are kept weighs in favor of transfer to that location." *Id.* (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006)). To meet its burden, Trinidad must identify its sources of proof with some specificity such that the Court may determine whether transfer will increase the convenience of the parties. *In re Apple,* 743 F.3d at 1379; *see also Invitrogen v. Gen. Elec. Co.,* No. 6:08–CV–113, 2009 WL 331889 at *3 (E.D. Tex. Feb. 9, 2009) (finding that general statements that relevant documents were located in either England or New Jersey "fail to show that transfer would make access to sources of proof either more or less convenient for the parties").

Trinidad first identifies certain documents at its headquarters in Denver, Colorado, including design schematics, research notes, vendor communications, and product specifications. Knudson Decl. at ¶ 11. Trinidad also identifies documents at its headquarters in LaGrange, Georgia, such as manufacturing equipment manuals, production run reports, and testing reports. *Id.* Trinidad maintains that the documents in Georgia are also frequently accessible through its headquarters in Colorado. (Doc. No. 14, at 7.) Trinidad specifically identifies one employee, the principal designer of the accused products, John Adam, who resides in the Denver area. *Id.* at ¶ 10. Trinidad further identifies the sales manager for their Sam's Club account, Tracy Page, who works from a home office in Crossroads, Texas. *Id*. at ¶ 12; Doc. No. 33, at 4, n. 2[sic]. Trinidad maintains that it does not have any employees with relevant knowledge at its office in Mineola, Texas. *Id.* at ¶ 8.

HFA does not affirmatively identify the location of its sources of proof, but contends that Trinidad has not met its burden to show transfer is clearly more convenient. (Doc. No. 32, at 7–

10.) Specifically, HFA calls into question the location of Trinidad's relevant sources of proof. HFA contends that if documents in Georgia are also accessible at Trinidad's headquarters in Denver, then they must also be accessible at Trinidad's office in this District in Mineola, Texas. (Doc. No. 32, at 9.) Regardless, HFA points out that the documents in Georgia are closer to this District. *Id.*

With regard to witnesses, HFA points out that Mr. Page is actually located in this District at a home office in Cross Roads, Texas. *Id.* at 10. HFA also identifies Mr. Gregg Brashear, who was identified by Trinidad as having relevant knowledge, and who lives in Carrollton, Texas. *Id.* HFA identifies three Trinidad witnesses with relevant knowledge in LaGrange, Georgia: Mr. Todd Brown (knowledge regarding the production and manufacturing of the accused products), Ms. Leanne Roberts (Operations Manager), and Mr. Joe Davidson (knowledge regarding the design, development, and manufacturing of the accused products), as well as one Trinidad witness in Arkansas, Mr. Brook Sims (knowledge of design and development of the accused products). *Id.* HFA further points to Sam's Club employees, Helene Marlinski and Kelly Ingram, who have knowledge of the design, development, and marketing of the accused products and are located in Bentonville, Arkansas. *Id.* HFA identifies Jerrell Hicks, a Designer at Packaging Corporation of America in Lithonia, Georgia, as well as two individuals in Italy who have knowledge of the relative development and manufacturing of the accused products. *Id.* Trinidad downplays the importance of these witnesses because the asserted patent is a design patent. (Doc. No. 33, at 2–3.)

As an initial matter, the parties both attempt to use the electronic accessibility of documents to lessen the consideration of where hard copy documents are located when such a location does not favor their position. Despite the accessibility of nearly all documents in an

electronic format, those arguments are not prevailing. The Court must still consider where the documents are located with the accused infringer. *In re Genentech,* 566 F.3d at 1345. Here, those documents are split between Colorado and Georgia, with the majority of design documents located in Colorado. As to witnesses, Trinidad identifies two party witnesses, one located in the District of Colorado and one located in this District.[2] In addition, three employees specifically identified are located in LaGrange, Georgia, and one in Arkansas. While HFA identifies many third party witnesses, the location of those witnesses are not central to the considerations of this factor.

In sum, several documents are located in Colorado and several are located closer to this District in LaGrange, Georgia. At least one Trinidad witness is located in Colorado and at least one is located in this District. Several other identified Trinidad employees with alleged relevant knowledge are located in Georgia and Arkansas, all closer to this District than to Colorado. Thus, on balance, this factor only slightly favors transfer.

*(b)The Availability of the Compulsory Process to Secure the Attendance of Witnesses*

The second private interest factor instructs the Court to consider the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order. *See In re Volkswagen II*, 545 F.3d at 316. The Court gives more weight to those specifically identified witnesses and affords less weight to vague assertions that witnesses are likely located in a particular forum. *See Novelpoint Learning v. Leapfrog Enter.*, No 6:10-cv-229, 2010 WL 5068146, at *6 (E.D.Tex Dec. 6, 2010) (stating that the Court will not base its conclusion on unidentified witnesses); *See also West*

---

[2] While Trinidad maintained that Mr. Page had a home office in Dallas, Texas, outside of this District, according to Trinidad's responses to HFA's interrogatories, Mr. Page actually works out of his home in Cross Roads, Texas which is located within this District. (Doc. No. 32-2, at ¶ 7.) Trinidad conceded this mistake in its reply brief. (Doc. No. 33, at 4 n. 2[sic].)

6

*Coast Trends, Inc. v. Ogio Int'l, Inc.*, No. 6:10-cv-688, 2011 WL 5117850, at *3 (E.D. Tex. Oct. 27, 2011).

Trinidad does not identify any third-party witnesses in its motion to transfer. HFA identifies Mr. Micheal Barney, a Club Manager at Sam's Club in Tyler, Texas, who has information on infringing sales, and the sale, display, and packing of the accused products. (Doc. No. 32, at 12, citing Doc. Nos. 32-3, 32-4.) HFA also identifies Mr. Gregg Brashear who is a non-party consultant identified by Trinidad and who lives in Carrolton, Texas. (Doc. No. 32-2, at ¶ 10.) Thus, at least one third-party witness located in Tyler, Texas is subject to the absolute subpoena power of the Court. Fed.R.Civ.P. 45(c)(1)(A). Mr. Brashear appears to live just over 100 miles from the courthouse in Carrollton, Texas,[3] and therefore could be compelled to trial here only if the additional 9 miles of travel would not cause him to "incur substantial expense." Fed.R.Civ.P. 45(c)(1)(B)(ii).

Given that there are no identified third-party witnesses subject to the subpoena power of the District of Colorado, but at least one subject to this Court's absolute subpoena power, and another likely subject to this Court's subpoena power, this factor weighs against transfer.

*(c) The Cost of Attendance for Willing Witnesses*

In analyzing this factor, all parties and witnesses must be considered. *Volkswagen I*, 371 F.3d at 204. "Because it generally becomes more inconvenient and costly for witnesses to attend trial the further they are away from home, the Fifth Circuit established in *Volkswagen I* a '100-mile' rule, which requires that '[w]hen the distance between an existing venue for trial of a matter and a proposed venue under §1404(a) is more than 100 miles, the factor of inconvenience

---

[3] According to Trinidad's responses to HFA's interrogatories, Mr. Brashear's home office is located at 2418 Ridgedale Drive, Carrollton, Texas, 75006, 109 miles from the Tyler courthouse. (Doc. No. 32-2, at ¶ 10.)

7

to witnesses increases in direct relationship to the additional distance to be traveled.'" *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (citations omitted).

As discussed, Trinidad has specifically identified two employees as willing witnesses with relevant knowledge of the accused products, one located in this District and one located in the District of Colorado. Knudson Decl. at ¶¶ 10, 12. Trinidad also identifies its declarant, Mr. Knudson who had knowledge of marketing and sales and is located in the Denver area. (Doc. No. 14, at 10.) Trinidad maintains that having trial in this District would significantly increase the inconvenience and expense for its witnesses in Colorado as well as any potential HFA witnesses in Illinois. *Id.* at 11.

HFA relies on Mr. Page, the party witness in this District, as well as the three Trinidad witnesses in Georgia, and the one Trinidad witness in Arkansas. (Doc. No. 32, at 13–14.) HFA also relies on the following third-party witnesses previously identified: Mr. Gregg Brashear in Carrolton, Texas; Ms. Helene Marlinski and Ms. Kelly Ingram, both in Bentonville, Arkansas; Jerrell Hicks in Lithonia, Georgia; and Christiano Gozzoli and Lorenza Manera, both in Italy. Id. at 14–16.

Balancing the scattering of identified witnesses, with only two in Colorado, two in Texas, and several others closer to this District in Georgia and Arkansas, the Court finds that this factor does not weigh in favor of transfer.

*(d) Other Practical Problems*

*(i) Judicial Economy*

Although judicial economy is not among the list of the enumerated factors, it can be a consideration when determining whether a transfer is in the interest of justice. *Volkswagen II*, 565 F.2d at 1351. Here, neither party identifies any co-pending action from which either court

would have gained familiarity with the parties, patent, or accused products. Therefore, this factor is neutral.

## II.     The Public Interest Factors

The parties agree that the public interest factors are neutral, aside from the administrative difficulties flowing from court congestion and local interest considerations.

*(a) The Administrative Difficulties Flowing From Court Congestion*

This factor is the most speculative, and cannot alone outweigh other factors. *Genentech*, 566 F.3d at 1347. However, the speed with which a case may get to trial is relevant under the § 1404(a) analysis. *Id.* Both parties agree that the time to trial in this District is statistically shorter than in the District of Colorado. (Doc. No. 14, at 13; Doc. No. 32, at 17.) HFA also notes that this Court has already set this case for a jury trial to commence on November 13, 2018. (Doc. No. 32, at 17.) While the Court agrees that this factor is not alone sufficient to outweigh any other factors, given that the parties agree the time to trial is statistically 10 months faster in this District, the Court finds this factor weighs slightly against transfer.

*(b) The Local Interest in Having Localized Interests Decided at Home*

Trinidad maintains that the District of Colorado has a local interest because it is headquartered there and the accused products were developed there. (Doc. No. 14, at 13.) HFA maintains that the evidence of other documents and witnesses in other locations, as well as the presence of a physical plant in this District, diminishes the local interest the District of Colorado has in this matter. (Doc. No. 32, at 14.)

Ultimately, because Trinidad has identified a couple of individuals whose work relates to the accused technology and who are located in the District of Colorado, the Court finds that the District of Colorado has some local interest in the outcome of the litigation. *See Hoffman-La*

9

*Roche*, 587 F.3d at 1336 ("[L]ocal interest in this case remains strong because the cause of action calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community."); *Eon Corp. IP Holdings, LLC v. Sensus, USA Inc.*, No. 2:10-cv-448, 2012 WL 122562, at *5 (E.D. Tex. Jan. 9, 2012). However, given that there are also Trinidad witnesses whose work related to the accused products was conducted in this District, as well as other witnesses working in Georgia and Arkansas, the Court does not find that any local interest had by the District of Colorado strongly outweighs the interest of other forums, including this District. Therefore, this factors weighs only slightly in favor of transfer, and the local interest here is insufficient to warrant transfer on its own.

*(c) The Remaining Public Interest Factors*

The remaining public interest factors are neutral. Both courts are familiar with federal patent law and there are no conflicts to avoid.

## CONCLUSION

For the aforementioned reasons, the Court finds that Trinidad has not shown that the District of Colorado is a clearly more convenient forum. Here, while the location of sources of proof and the local interest weighs slightly in favor of transfer, the convenience of willing witnesses was neutral, and availability of the compulsory process weighs against transfer. In addition, the administrative difficulties arising from court congestion weigh slightly against transfer. All other factors were neutral. Accordingly, on balance, the Court **DENIES** Trinidad's motion to transfer (Doc. No. 14).

**So ORDERED and SIGNED this 17th day of October, 2017.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE