# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| HFA, INC., § | |
| § | |
| § | CIVIL ACTION NO. 6:17-CV-00343-RWS |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| TRINIDAD/BENHAM CORP., § | |
| § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

This claim construction opinion construes the disputed claim terms in U.S. Design Patent No. D713,196 ("the '196 Patent"). Plaintiff HFA, Inc. ("HFA") alleges that Defendant Trinidad/Benham Corp. ("Trinidad") infringes the '196 Patent. HFA filed an opening claim construction brief (Doc. No. 41), to which Trinidad filed a responsive brief (Doc. No. 42), and HFA filed a reply (Doc. No. 43). The parties agreed that no claim construction hearing was necessary in this matter; therefore, the Court did not conduct such a hearing and instead agreed to resolve the dispute from the briefing. (Doc. No. 39.) Upon consideration of the parties' arguments, and for the reasons stated herein, the Court adopts the construction set forth below.

## BACKGROUND

The '196 Patent is a design patent entitled "Nested Pans." The '196 Patent claims "[t]he ornamental design for a nested pans" and contains fourteen figures. By way of example, Figure 6 is shown below:



'196 Patent, Fig. 6.

## LEGAL STANDARD

A design patent is fundamentally different from a utility patent, but in some areas, the law pertaining to each overlaps. For example, although the respective tests for infringement are different, both types of patents require the district courts to conduct claim construction proceedings. *Egyptian Goddess*, *Inc. v. Swisa, Inc*., 543 F.3d 665, 679 (Fed. Cir. 2008) (citing *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995) (design patents); *O2 Micro Int'l Ltd. v. Beyond Innovation Tech.*, 521 F.3d 1351 (Fed. Cir. 2008)) (utility patents).

2

A design patent protects the novel, non-functional aspects of a claimed ornamental design. *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997). The figures in design patent not only comprise the bulk of the disclosure, but also set forth the limits of the claim. *See Hupp v. Siroflex of America, Inc.*, 122 F.3d 1456, 1464 (Fed. Cir. 1997) ("A design patent contains no written description; the drawings are the claims to the patented subject matter."). Design patents are limited to what is depicted in the drawings and therefore have almost no scope. *In re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988).

Although trial courts have had a duty to conduct claim construction in design patent cases, no particular form has been prescribed. *Egyptian Goddess,* 543 F.3d at 679. Thus, although trial courts in such cases have generally issued detailed verbal descriptions of the claimed designs, the Federal Circuit has never required such constructions. *Id.* Noting the difficulties involved in describing a design in words, the Federal Circuit held that the "preferable course ordinarily will be for a district court not to attempt to 'construe' a design patent claim by providing a detailed verbal description of the claimed design," and in deciding whether a verbal description is appropriate, the Court noted that trial courts should recognize the "risk of placing undue emphasis on particular features of the design and the risk that a finder of fact will focus on each individual described feature in the verbal description rather than on the design as a whole." *Id.* at 679–80. Further, the Federal Circuit noted:

> While it may be unwise to attempt a full description of the claimed design, a court may find it helpful to point out . . . various features of the claimed design as they relate to the accused design and the prior art. . . . [A] trial court can usefully guide the finder of fact by addressing a number of other issues that bear on the scope of the claim. Those include such matters as describing the role of particular conventions in design patent drafting, such as the role of broken lines; assessing and describing the effect of any representations that may have been made in the course of the prosecution history; and distinguishing between those features of

3

> the claimed design that are ornamental and those that are purely functional.

*Id.* (internal citations and quotations omitted). Finally, the Court added that a trial court's "decision to issue a relatively detailed claim construction will not be reversible error" absent a showing of prejudice because "the level of detail to be used in describing the claimed design is a matter within the court's discretion." *Id.* at 679.

Therefore, when a trial court determines that a detailed verbal description of the claimed design is appropriate, such a construction involves an "additional level of abstraction" that is not required when construing the claims of a utility patent. *Durling v. Spectrum Furniture Co.*, 101 F.3d 100, 103 (Fed. Cir. 1996). This abstraction results from a lack of a written description in design patents; the court is presented with only visual images of the claimed subject matter. *Id.* In this regard, the "properly construed the scope of the claimed invention [should be the] overall ornamental visual impression [of the design], rather than ... the broader general design concept;" *Contessa Food Prods., Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1377 (Fed. Cir. 2000) (quoting *OddzOn Prods., Inc.*, 122 F.3d at 1405) (internal quotations omitted), thus, evoking the "visual image of the design." *Durling*, 101 F.3d at 103 n.2.

Ordinarily, functional aspects of a design cannot be claimed. *OddzOn Prods., Inc.*, 122 F.3d at 1405 ("Where a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent."). Functional design elements can be claimed, however, when they serve a primarily ornamental purpose, *e.g.,* in circumstances where there are several ways to achieve the underlying function. *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed. Cir. 1993). The determination of "[w]hether a patented design is functional or ornamental is a question of fact." *PHG Techs., LLC v. St. John Cos.*, 469 F.3d 1361, 1365 (Fed. Cir. 2006).

## DISCUSSION

The parties dispute the meaning of the design claim, set forth below:

**I.     "[t]he ornamental design for a nested pans, as shown and described" ('196 Patent)**

| Claim Term | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| **"[t]he ornamental design for a nested pans, as shown and described"**<br><br>**('196 Patent)** | No construction necessary<br><br>Alternatively: "the ornamental design of nested pans, as shown and described in Figures 1 to 14." | "The ornamental design for nested pans as shown in the Figures, excluding the elements shown in broken lines, wherein the pans have smooth sides and end walls. Such design does not include the functional size, shape, and configuration of the 1/3 size pans nested within the full size pan." |

HFA argues that no construction is necessary because the standard design format claim adequately describes the nature of the claimed invention. (Doc. No. 41, at 9.) HFA contends that the ornamental design for the nested pans is readily manifested in Figures 1 to 14 as shown in the solid black full lines of the drawings. *Id.* at 10. HFA argues that Trinidad's proposal of "wherein the pans have smooth sides and end walls" encompasses more than the solid lines depicted in the '196 Patent figures. *Id.* HFA further contends that the focus on the verbal construction for the sides and end walls ignores the ornamental appearances depicted in solid black lines of several figures, including: (1) the nest of the three 1/3 pans in the full size pan; (2) the rectangular upper outer ridge of the full size pan at its longitudinal sides; (3) the opposing short side end walls of the full size pan; and (4) that the three nested pans have an interior continuous rectangular upper edge atop the pans' internal side and end wall surfaces. *Id.* at 11. HFA argues that the complexity of Defendant's description distracts in comparison to relying on a pictorial representation of the same. *Id.* at 12. Further, HFA argues that no feature of the design claimed in the '196 Patent need

be construed as functional, not ornamental. *Id.* at 13. Finally, HFA contends that the jury can be sufficiently guided by jury instructions if necessary. *Id.* at 13–14.

Trinidad argues that the scope of the '196 Patent is limited to its novel, non-functional aspects and therefore excludes the 1/3 nested pans which are functional, not ornamental. (Doc. No. 42, at 9–11.) Specifically, Trinidad argues that the HFA has a concomitant utility patent application, Application No. 14/085,994 ("the '994 Application"), that describes the 1/3 nested pans in a functional manner to create stability and alleviate accidents by the consumer. *Id.* at 11–12, citing '994 Application at ¶ [00032]. Trinidad argues that this problem was described as functional in the prior art because loaf pans placed in the bottom of a full-sized pan resulted in wobbling that led to more spills and injuries. *Id.* at 12, citing '994 Application at ¶ [00030]. Trinidad further argues that HFA's advertising for the pans demonstrates the nested steam pans are functional because they are sold under the mark "TRU-FIT". *Id.* at 13. For these reasons, Trinidad argues that the Court must construe the '196 Patent to exclude purely functional aspects (shape, size, and configuration) of the nested pans. *Id.* at 14.

The parties' primary dispute is whether the 1/3 nested pans shown in the Figures of the '196 Patent are primarily functional or ornamental. "Where a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent." *OddzOn Prods., Inc.,* 122 F.3d at 1405. A patentee is "entitled to a design patent whose scope is limited to [ornamental] aspects alone and does not extend to any functional elements of the claimed article." *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1294 (Fed. Cir. 2010). Thus, the question is what aspects of the nested pans in the '196 Patent are functional such that they should be addressed with respect to the scope of the claim. *See Sport Dimension, Inc. v. Coleman Co*., 820 F.3d 1316, 1320 (Fed.

Cir. 2016) ("We have often blessed claim constructions, for example, where the court helped the fact finder 'distinguish[ ] between those features of the claimed design that are ornamental and those that are purely functional.'") (quoting *OddzOn Prods., Inc.,* 122 F.3d at 1396.) ` In determining whether a design claim is dictated by function, the court considers the following factors:

> whether the protected design represents the best design; whether alternative designs would adversely affect the utility of the specified article; whether there are any concomitant utility patents; whether the advertising touts particular features of the design as having specific utility; and whether there are any elements in the design or an overall appearance clearly not dictated by function.

*PHG Technologies, LLC*, 469 F.3d at 1366.

The Federal Circuit has considered several cases where a design encompassed both functional and ornamental features. In *OddzOn*, the Federal Circuit considered the district court's construction of rocket-shaped football wherein the fins provided stability to the football but also gave it its "rocket-like" appearance. *OddzOn Prods., Inc.,* 122 F.3d at 1405. The Federal Circuit ultimately affirmed the district court's construction which included the fins but limited them to their overall ornamental appearance, rather than the broader design of a rocket-like ball. *Id.* Similarly, in *Richardson*, the Federal Circuit affirmed the district court's construction that limited the design of a multi-function tool to its ornamental aspects of its utility features, including, *inter alia*, the standard shape of the hammer-head, the diamond-shaped flare of the crow-bar and the top of the jaw, the rounded neck, the orientation of the crowbar relative to the head of the tool, and the plain, undecorated handle. *Richardson*, 597 F.3d at 1293–94. In *Ethicon Endo-Surgery*, the Federal Circuit determined that the open trigger, torque knob, and activation button of a surgical instrument were functional, but limited the scope to the ornamental aspects

of the design. *Ethicon Endo–Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1334 (Fed. Cir. 2015).

Most recently, in *Sport Dimension*, the Federal Circuit noted that although it had construed design patent claims in these cases to distinguish between functional and ornamental features, in no case did the court "entirely eliminate a structural element from the claimed ornamental design, even though that element also served a functional purpose." *Sport Dimension, Inc. v. Coleman Co*., 820 F.3d 1316, 1321 (Fed. Cir. 2016). The Federal Circuit determined that the district court's construction conflicted with the principles of design patents because it entirely eliminated whole aspects of the claimed design. *Id.* In that case, the court determined whether the armbands and side torso of a lifeguard floatation device were functional. *Id.* The Federal Circuit found that applying the *PHG* factors the design of the armbands and tapering side torso served a functional purpose, but disagreed that those features should be entirely eliminated from the claim. *Id.* Ultimately, the Federal Circuit concluded that because the armbands and side torso served a functional purpose, "the fact finder should not focus on the particular designs of these elements when determining infringement, but rather focus on what these elements contribute to the design's overall ornamentation," and determined the claim to be narrow. *Id.* at 1323.

Indisputably, here, the nested pans are both functional and ornamental. Claim 1 claims the nested pans as ornamental, reciting "[t]he ornamental design for a nested pans, as shown and described." '196 Patent, Claim 1. The drawings of the '196 Patent do not depict the function of the pans, although certain drawings, such as figures 8–10, depict the shape and size of the pans to show how they nest. '196 Patent, Figs. 8, 9, 10. For example, Figure 8 shows:



Notably, HFA has a concomitant utility patent application that shows a similar figure:



'994 Application, Fig. 6.

The focus of the '994 invention is on "properly nesting steam pans to help alleviate accidents by the consumer." '994 Application at ¶ [0001]. The '994 Application further explains

9

that the claimed invention is directed to a "new and novel third-pan" and provides the preferred dimensions of those pans. *Id.* at ¶ [0032]. The invention describes these pans as an improvement over prior art including loaf pans that would "wobble" and lead to more "spills and injuries," as well as industry standard half-pans. *Id.* at ¶ [0030], [0031]. Based on these descriptions, the shape and size of the nested pans are important to the function of avoiding spills and injuries because they are described as having "an upwardly extending third-pan continuous sidewall" surrounded by a rim that "terminates to a third-pan rolled bead," all with preferred specified specific dimensions. *Id.* at ¶ [0032]. The invention concedes that the factors that allow a third-pan to achieve its stated goal include, the height of the sidewall, the inside angle of the pan, and the dimensions of the short side of the pan. *Id.* at ¶ [0033]. The dimensions and angles of the pans are further emphasized in the '994 Application prosecution history where the patentee argued that the second inside angle on the nested pan is approximately two degrees of the first inside angle to overcome an obviousness rejection. (Doc. No. 42-3, at 7.) Claims 1 and 6 of the '994 Application were ultimately amended to reflect this distinction. (Doc. No. 42-4, at 3–5.) The importance of the size, shape, and dimensions is further reflected in that HFA's commercial embodiment is advertised with the mark "TRU-FIT." (Doc. No. 42-5.) Thus, considering the relevant *PHG* factors, the court finds the 1/3 nested pans serve a functional purpose. *See Sport Dimension*, 820 F.3d at 1322 (concurring that the design patent's armbands and torso served a functional purpose where the concomitant utility patent touted the utility of these features and the patentee promoted the utility of those features in its advertisements).

While the nested pans serve a functional purpose, that does not deem them excluded from the claim, particularly whereas here they are also ornamental in nature. The problem with Trinidad's proposed construction is that it seeks to effectively eliminate the nested pans from the

claim by including the following language: "[s]uch design does not include the functional size, shape, and configuration of the 1/3 size pans nested within the full size pan." As the Federal Circuit explained in *Sport Dimension*, such elimination would go against the principles set forth in case law regarding the scope of design patents. *Sport Dimension*, 820 F.3d at 1321. The Court finds that the 1/3 nested pans should be limited to their ornamental aspects as shown in the figures of the '196 Patent. That is, as drawn, the 1/3 pans are congruent within the full nested pan with each having a shorter side and an elongated side with rounded rim ridges, having no overlap of all upper edges. The pans are further oriented with the shorter side of the 1/3 nested pans along the elongated side of the full pan, and the elongated side of the 1/3 nested pans along the shorter side of the full pan. The '196 Patent does not cover the entirety of nested steaming pans, or even 1/3 nested pans. The scope is narrowly limited to the ornamental configuration as drawn and does not include any functional aspects of the pans. The finder of fact can be instructed on these limitations as set forth herein. Therefore, the Court construes "the ornamental design for a nested pans, as shown and described" as "the ornamental design for a nested pans, as shown and described in Figures 1 to 14, excluding the elements shown in broken lines."[1]

## CONCLUSION

For the foregoing reasons, the Court adopts the construction set forth above.

---

[1] The parties are in agreement that the design patent does not include any features shown in broken lines. Further, the Court rejects Trinidad's addition of "wherein the pans have smooth sides and end walls" because this limitation is not supported by the figures and encompasses more than the claim as those features are shown in part in broken lines, which are agreed as outside the scope of the claim.

**So ORDERED and SIGNED this 7th day of March, 2018.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE