IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| HFA, INC., | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:17-CV-00343-RWS |
| v. | § § | |
| TRINIDAD/BENHAM CORP., | § § § | |
| Defendant. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On August 21, 2018, the Magistrate Judge issued a Report and Recommendation ("Report"), recommending that Trinidad/Benham Corp.'s ("Defendant" or "Trinidad") Motion for Summary Judgment of Non-infringement (Docket No. 62) be denied. Docket No. 79. Defendant filed objections to the Magistrate Judge's Report. Docket No. 89. Plaintiff HFA, Inc. ("Plaintiff" or "HFA") filed a response. Docket No. 94. Having conducted a *de novo* review of Defendant's written objections, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit. 28 U.S.C. § 636 (b)(1).

Trinidad first objects that the Magistrate Judge improperly revisited the claim construction, which contradicts the office rules for design patents as well as the drawings of that patent at issue—Design Patent D713,196 ("the '196 Patent"). Docket No. 89 at 3. This argument appears to dissect the claim construction and the recommendation of the Magistrate Judge. In the

claim construction opinion, the Magistrate Judge rejected Trinidad's additional limitation of "wherein the pans have smooth sides and end walls" because "this limitation is not supported by the figures and encompasses more than the claim as those features are shown in part in broken lines, which are agreed as outside the scope of the claim." Docket No. 44 at 11, n. 1. Trinidad argues that the conclusion by the Magistrate Judge that there is no requirement that the endwalls and sidewalls be planar in rejecting Trinidad's argument was not part of the construction itself. Docket No. 89 at 3. However, as the Magistrate Judge explained in his Report, the Court's construction "specifically rejected the requirement that the sidewalls and endwalls be planar." Docket No. 79 at 9. Nothing about the construction or the conclusion of the Magistrate Judge changed with respect to the issue of whether the sidewalls and endwalls must be planar. Therefore, this objection is without merit. The remainder of Trinidad's arguments are re-argument of claim construction, which is not a proper objection.

Trinidad next argues that the Magistrate Judge overlooked HFA's failure to meet its burden because of an improper application of the ordinary observer test. Docket No. 89 at 7. Again, Trinidad's argument appears to be an objection to the Court's claim construction and HFA's contention that the design resides only in a top horizontal plane view. Docket No. 89 at 7. Objections to the claim construction are not proper objections to the Magistrate Judge's Report recommending denying Trinidad's motion for summary judgment of non-infringement. Moreover, Trinidad's objection draws a distinction that has already been resolved. The Court already explained that the sidewalls and endwalls are part of the claimed design, but rejected any requirement that they be "smooth" or "planar." Docket No. 79 at 7–9. To the extent HFA has not included the sidewalls and endwalls in an infringement analysis, that was not a point raised in briefing summary judgment. Therefore, the Court will not now consider any kind

of new argument on this point via objections. For these reasons, the Court overrules Trinidad's objection.

Lastly, Trinidad argues that the Magistrate Judge overlooked HFA's failure to consider the prior art in its ordinary observer infringement analysis. Docket No. 89 at 8. Again, this appears to be a new argument that HFA's infringement case is insufficient. *Id.* Indeed, Trinidad points to its reply brief in support of this argument. *Id.* A review of the record indicates that this argument wasn't properly raised before the Magistrate Judge. Regardless, to the extent Trinidad disagrees with HFA's infringement analysis regarding whether the differences between the claimed design and the accused product are significant, that is a triable issue of material fact. Indeed, looking at the differences between the prior art and the claimed design as argued by Trinidad, those differences relate to the congruency of the 1/3 sized nested pans and whether they have overlapping edges. *See, e.g.*, '196 Patent, Figure 1; U.S. Patent Application No. 14/085,994, Figure 2D. Those differences do not illuminate the significance of the difference between smooth and ribbed endwalls and sidewalls of the full-sized pans such that the Court would be compelled to grant summary judgment of non-infringement based on those differences. *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 676 (Fed. Cir. 2008) ("When the differences between the claimed and accused design are viewed in light of the prior art, the attention of the hypothetical ordinary observer will be drawn to those aspects of the claimed design that differ from the prior art.") Therefore, the Court similarly finds this objection to be without merit.

For the reasons discussed herein, the Court **ADOPTS** the Report of the United States Magistrate Judge as the findings and conclusions of this Court. All objections are

**OVERRULED** and Trinidad's Motion for Summary Judgment of Non-infringement (Docket No. 62) is **DENIED.**

**SIGNED this 22nd day of October, 2018.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE