# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| HFA, INC., | § |
| | § |
| Plaintiff, | § CIVIL ACTION NO. 6:17-CV-00343-RWS |
| | § |
| v. | § |
| | § |
| TRINIDAD/BENHAM CORP., | § |
| | § |
| Defendant. | § |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On August 21, 2018, the Magistrate Judge issued a Report and Recommendation ("Report"), recommending that Trinidad/Benham Corp.'s ("Defendant" or "Trinidad") Motion for Summary Judgment of Invalidity (Docket No. 61) be denied. Docket No. 78. Defendant filed objections to the Magistrate Judge's Report. Docket No. 90. Plaintiff HFA, Inc. ("Plaintiff" or "HFA") filed a response. Docket No. 93. Having conducted a *de novo* review of Defendant's written objections, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit. 28 U.S.C. § 636 (b)(1).

Trinidad first objects to the Magistrate Judge's conclusion that he could not find "as a matter of law that [the] difference between the claimed design and the APA is insignificant and could be overlooked by an ordinary observer when considering the design as a whole." Docket No. 90 at 5. In reaching this conclusion, the Magistrate Judge considered the evidence

presented, including the testimony of Plaintiff's expert, and concluded that factual disputes exist that preclude summary judgment as to anticipation. Docket No. 78 at 5–8. Trinidad now raises a new argument that comparing Figure 1 and Figure 8 shows the differences of non-overlapping edges and non-congruent nesting, and that therefore these differences must be *de minimus*. Docket No. 90 at 6. This argument was not presented before the Magistrate Judge and is therefore not appropriately considered for the first time on objection. *See Lewis v. Ascension Parish School Bd.*, 662 F.3d 343, 348 (5th Cir. 2011) ("This argument is waived because it was not presented to the magistrate judge...."). However, having reviewed the record, the Court agrees with the Magistrate Judge that factual disputes remain regarding the differences between the prior art and the claimed design with respect to the edges and the nesting of the pans. *See, e.g.*, U.S. Design Patent D713,196 ("the '196 Patent"), Figure 1; U.S. Patent Application No. 14/085,994, Figure 2D. Therefore, the Court overrules Trinidad's objection.

Trinidad next argues that the Magistrate Judge erroneously concluded that the existence of a dispute between the prior art and the claimed design is determinative as to whether summary judgment should be granted. Docket No. 90 at 7. Trinidad's objection on this point merely reargues its position on why the differences are minor. *Id.* at 8. These arguments were fully considered by the Magistrate Judge and, as explained above, having reviewed the record, the Court agrees that the factual disputes underlying these differences preclude summary judgment. *See High Point Design LLC v. Buyer's Direct, Inc.*, 621 F. App'x 632 (Fed. Cir. 2015) (finding that differences between the prior art and the claimed design created a fact issue as to anticipation that precluded summary judgment of invalidity of the asserted design patent). Thus, the Court overrules this objection.

For the reasons discussed herein, the Court **ADOPTS** the Report of the United States Magistrate Judge as the findings and conclusions of this Court. All objections are **OVERRULED** and Trinidad's Motion for Summary Judgment of Invalidity (Docket No. 61) is **DENIED**.

**SIGNED this 22nd day of October, 2018.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE